Radomsky, Appellant, *v.* Auroroff.

Argued November 17, 1958.   Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and BOK, JJ..

reargument refused February 9, 1959.

*John A. Metz, Jr.,* with him *Paul Silberblatt,* and *Metz, Cook, Hanna & Kelly,* and *Bell, Silberblatt & Swoope,* for appellants.

*Richard M. Sharp,* with him *Edward T. Kelley,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, January 12, 1959:

The plaintiffs as officers and trustees of the St. John's Greek Catholic Church of Hawk Run, Clearfield County, Pennsylvania, instituted this proceeding in equity in an effort to enjoin the defendant, Father Constantine Auroroff, from interfering with the church or its property in any of the various ways specified in the complaint. After preliminary objections had been filed and disposed of, the defendant answered to the merits. President Judge PENTZ, of Clearfield County, where the litigation was pending, having disqualified

himself to hear and determine the issues involved, President Judge MORRIS of the 54th Judicial District was specially assigned for the purpose.

Following a hearing on the complaint and answer, Judge MORRIS, as chancellor, filed an adjudication and entered a decree nisi dismissing the complaint at the plaintiffs' cost. Exceptions were filed by the plaintiffs to the adjudication, the findings of fact and conclusions of law and to the decree nisi.

While the exceptions were pending, the plaintiffs filed a petition with Judge PENTZ requesting him to designate two additional judges from outside judicial districts to sit with the chancellor, as a court *en banc*, for the purpose of passing upon the plaintiffs' exceptions. Judge PENTZ issued a rule on the defendant to show cause why the prayer of the petition should not be granted. The defendant filed an answer which either expressly admitted or did not traverse the petitioners' allegations but did aver that there was no authority for the constitution of a court *en banc*, composed of three judges, in a county such as Clearfield which comprises a separate judicial district with but a single judge. Judge PENTZ heard argument on the rule to show cause and, on October 11, 1957, entered an order dismissing the petition for a court *en banc*, composed of three judges, and filed therewith an opinion fully justifying his dismissal of the petition.

Thereafter, Judge MORRIS, sitting alone, heard argument on the plaintiffs' exceptions and subsequently filed an order, and supporting opinion, overruling the plaintiffs' exceptions. From that order the plaintiffs took the present appeal. The record does not disclose that the decree nisi was ever formally entered as the final decree. However that may be, such is undoubtedly the intended effect of the chancellor's order overruling the plaintiffs' exceptions.

Strangely enough, the appellants do not raise any question as to the merit of the chancellor's action in dismissing their bill of complaint. They merely pose for our consideration whether the court below acted properly in refusing to constitute a court *en banc,* as the plaintiffs had requested, for the purpose of passing upon the exceptions to the adjudication and decree nisi. Nor is it readily apparent how the appellants can ask review of the lower court's action with respect to the procedural step requested during the course of the litigation when the end result reached by the chancellor is not assigned for error. If the plaintiffs were not harmed by the latter, there would seem to be nothing whereof they can now complain. In any event, the opinions of both Judge PENTZ and Judge MORRIS amply support the court's action in declining to constitute a court *en banc* as requested by the plaintiffs.

Decree affirmed at the appellants' costs.